Manuel H. Miller, Esq. SBN 36947
LAW OFFICES OF MANUEL H. MILLER
A Professional Corporation
16133 Ventura Boulevard, Suite 700
Encino, California 91436
Telephone:  (818) 710-9993
Facsimile:  (818) 710-1938
Email: miller4law@msn.com

Attorneys for Plaintiff Arturo Hernandez

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| ARTURO HERNANDEZ, Plaintiff, vs. UNITED STATES OF AMERICA; and DOES 1 through 20, inclusive, Defendants. | CASE NO.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES**<br><br>[*Federal Tort Claims Act* **28 USC §§ 1346(b), 2671–2680 et seq.**] |
|---|---|

COMES FORTH THE Plaintiff ARTURO HERNANDEZ, ("Plaintiff"), who brings this action against defendants UNITED STATES OF AMERICA and DOES 1 through 20, inclusive (collectively "Defendants") and alleges as follows:

1. This action arises under the Federal Tort Claims Act, Sections 2671 through 2680 of Title 28 of the United States Code. This court is vested with jurisdiction pursuant to Section 1346(b) of Title 28 of the United States Code.

2. Further, this Court has proper jurisdiction of this action because the alleged negligent conduct causing severe personal injury and damages to Plaintiff as hereinafter alleged occurred on the subject federal property owned, managed, maintained and supervised by Defendants and by acts and/or omissions of Defendants, including the Defendant United States of America by and through the United States Department of the Interior and Bureau of Land Management, its departments and/or agencies and divisions and/or other federal departments and agencies.

3. At all times mentioned, defendant, the United States of America, through the Bureau of Land Management, a division of the United States Department of the Interior, a federal agency of defendant, was the owner, operator caretaker, and supervisor of that certain federal land located and described as the Cougar Buttes OHV area, approximately 3 miles East of Camp Rock Road (San Bernardino County), State of California ("Subject Property").

4. Plaintiff is informed and believes and thereon alleges that the name(s) of the superintendent of the subject property, the employee in charge of the subject property maintenance, and any ranger(s) and employees assigned to work at the

PLAINTIFF'S COMPLAINT

subject property prior to the subject accident were employees of the Bureau of Land Management. In connection with the alleged acts and omissions, Plaintiff is informed and believes and thereon alleges that the above-named employees of defendant were acting within the scope of their employment, and with the permission and consent of defendant.  Plaintiff may amend this Complaint when the true names and capacities of said individuals is ascertained.

5. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-20, inclusive, and therefore sues these defendants by such fictitious names and capacities. Plaintiff is informed and believes, and on that basis alleges, that each fictitiously named defendant is responsible in some manner for the occurrences alleged herein, and that Plaintiff's injuries as alleged herein were proximately caused by the conduct of said Doe defendants; Plaintiff is informed and believes and on that basis alleges that, at all material times herein, each of the defendants was the agent, employee, and/or working in concert with the co-defendants and was acting within the course and scope of such agency, employment and/or concerted activity.  All actions of each defendant herein alleged were ratified and approved by the other individual defendants and by the officers and managing agents of each other defendants.  To the extent that certain acts and omissions were perpetrated by certain defendants, the remaining defendant or defendants confirmed and ratified said acts and omission.

6. Plaintiff is informed and believes and thereon alleges that Defendants maintain, monitor, inspect, supervise and control the subject property which includes campsites and restroom facilities for the public and permits general use of the public of the subject property, with full knowledge of the activities and general use of the public, including off-road vehicle use.

7. Plaintiff is informed and believes and thereon alleges that Defendants had a duty to maintain, monitor, inspect, supervise and control the subject property to assure reasonably safe conditions for such use by the public, including the posting of signs regarding property use, conditions and other safety-related matters involving off-road vehicle use.

8. Defendants, and each of them, so negligently and carelessly owned, operated, maintained, repaired, serviced, warned and supervised the use of the subject property – including the failure to post safety signs, speed limit signs, warning signs and/or conduct necessary road and/or surface maintenance and/or repairs and by other acts and/or omissions at the accident area, so as to cause Plaintiff to sustain major bodily injury – including a crushed right hand and fingers and the resultant amputation of his middle and ring fingers - in a single vehicle/off-road motor vehicle accident (as a passenger) on May 21, 2022.

9. As a proximate result of the subject accident and the negligence of the Defendants, and each of them, Plaintiff sustained severe and continuing physical

injury and general damages for pain and suffering.  Plaintiff required emergency airlift assistance, hospitalization, and further medical care and treatment and incurred corresponding special damages in the form of medical bills and related expenses, loss of earnings and loss of earning capacity, all in a sum to not fully ascertained but in excess of $2,000,000.00 and subject to proof at the time of trial.

        10.    On April 13, 2023 plaintiff submitted a claim of $2,000,000.00 to the United States Department of the Interior, Office of the Solicitor, Division of General Law, Torts Practice Branch.  A true and correct copy of the same is attached hereto as Exhibit "A" and incorporated by reference herein as though set forth in full.

        11.    On May 8, 2023 the United States Department of the Interior, Bureau of Land Management acknowledged receipt of plaintiff's claim.   A true and correct copy of the same is attached hereto as Exhibit "B" and incorporated by reference herein as though set forth in full.

        12.    On July 11, 2023, the claim was rejected by United States Department of the Interior, Office of the Solicitor, Division of General Law, Torts Practice Branch.  A true and correct copy of the same is attached hereto as Exhibit "C" and incorporated by reference herein as though set forth in full.  As a result of this denial and rejection, Plaintiff files the subject suit against Defendants.

PLAINTIFF'S COMPLAINT

**DEMAND FOR JUDGMENT**

Wherefore, Plaintiff ARTURO HERNANDEZ hereby prays for judgment against Defendants, and each of them, as follows:

1. General damages in an amount according to proof;

2. Special damages in an amount according to proof;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper

DATED: October 9, 2023    **LAW OFFICES OF MANUEL H. MILLER**
　　　　　　　　　　　　　**A Professional Corporation**

　　　　　　　　　　　　　By *Manuel H. Miller*
　　　　　　　　　　　　　　MANUEL H. MILLER, Esq.
　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　ARTURO HERNANDEZ